NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
29820
28-FEB-2011
08:48 AM**

NO. 29820

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GENA LOPRESTI GRANITO, Plaintiff-Appellee, v.
DINO KAIPO GRANITO, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 05-1-0855)

MEMORANDUM OPINION
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Dino Kaipo Granito (Husband) appeals from the April 16, 2009 order of the Family Court of the First Circuit (family court),[1] which denied Husband's February 2, 2009 "Motion for New Trial or Alternatively, to Reconsider and/or Relief from the Decree, issued January 22, 2009."

By the decree entered January 22, 2009, the family court dissolved the marriage between Husband and Gena Lopresti Granito, now known as Gena Lopresti (Wife), awarded Wife sole legal and physical custody of the couple's daughter (Daughter) subject to visitation by Husband, levied monthly child support of $870.00 on Husband, and distributed the couple's marital property and debts.

After careful review of Husband's Opening Brief[2] and the record of the proceedings before the family court, and having

---

[1] The Honorable William J. Nagle, III, presided.

[2] No answering brief was filed.

given due consideration to the arguments advanced and the issues raised, we resolve Husband's points on appeal as follows:

(1) Husband argues that the family court erred by not granting his February 2, 2009 motion on numerous grounds, all of which concern matters of credibility. Husband's motion primarily argued that the family court should revisit the decree's provisions awarding custody of Daughter to Wife.

The determining factor in custody decisions is the best interests of the child. Hawaii Revised Statutes (HRS) § 571-46(a)(1) (Supp. 2009); see also Doe v. Doe, 98 Hawai'i 144, 155-56, 44 P.3d 1085, 1096-97 (2002). On August 23, 2007, the family court found that it was in the Daughter's best interests that Wife be awarded sole legal and physical custody of Daughter. Generally, such a determination, hinges upon the testimony of parents and other observers and their credibility. "[I]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence[.]" Inoue v. Inoue, 118 Hawai'i 86, 101, 185 P.3d 834, 849 (App. 2008).

> [T]he question on appeal is whether the record contains substantial evidence supporting the family court's determinations, and appellate review is thereby limited to assessing whether those determinations are supported by credible evidence of sufficient quality and probative value. In this regard, the testimony of a single witness, if found by the trier of fact to have been credible, will suffice.

Id. (quoting In re Jane Doe, 95 Hawai'i 183, 196-97, 20 P.3d 616, 629-30 (2001)). In making its custody decision, the family court reconciled the conflicting testimonies of Husband and Wife and Wife's mother, and determined Daughter's best interests would be served by placing her in Wife's custody. This determination will not be disturbed on appeal.

Husband alternatively argues that the court erred in denying his request to reduce his child support obligation because he had lost his job. At the hearing on Husband's February 2, 2009 motion, the family court told Husband he could file for relief from the decree "[i]f there are events which have

occurred after the divorce decree . . . which [Husband] feels are a material change in circumstances." Husband subsequently raised the child-support issue in his April 30, 2009 Motion for Post-Decree Relief, in which he requested sole custody of Daughter and a modification of child support "to reflect any change in physical custody." Husband did not contend then that child support should be lowered on account of his employment status, regardless of a change in custody. Inasmuch as the family court did not alter the terms of custody, it did not abuse its discretion when it did not modify child support correspondingly.

(2) Husband argues that the family court erred in refusing to disqualify itself. In his motion to disqualify, dated April 8, 2009, Husband argued that several rulings in Wife's favor demonstrated that the family court was biased against him. HRS § 601-7(b) (1993) requires that an affidavit supporting a motion for disqualification must be "accompanied by a certificate of counsel of record that the affidavit is made in good faith." Husband's counsel did not file such a certificate. Thus, the family court did not abuse its discretion when it denied without prejudice Husband's motion to disqualify on the basis that Husband's affidavit did not comply with HRS § 601-7(b). In any event, the family court denied Husband's motion without prejudice and no subsequent motion appears of record.

(3) Husband argues that the family court erred by "not dividing the net market value of Husband's Las Vegas house properly in accordance with our existing case law."

Under Hawai'i law, Marital Partnership Property, which in this case includes a house in Las Vegas, is to be distributed by the schema outlined in Tougas v. Tougas, 76 Hawai'i 19, 868 P.2d 437 (1994), which places the property in one of five categories. Category 1 and Category 5 are relevant to this case. According to Tougas,

> Category 1 [includes] [t]he net market value (NMV), plus or minus, of all property separately owned by one spouse on the date of marriage (DOM) but excluding the NMV attributable to property that is subsequently legally gifted by the owner to the other spouse, to both spouses, or to a third party.

3

. . . .

> Category 5 [includes] [t]he difference between the NMVs,
> plus or minus, of all property owned by one or both of the
> spouses on the [date of the conclusion of the evidentiary
> part of trial (DOCOEPOT)] minus the NMVs, plus or minus,
> includable in categories 1, 2, 3, and 4.

76 Hawai'i at 27, 868 P.2d at 445 (quoting Malek v. Malek, 7 Haw. App. 377, 380-81 n.1, 768 P.2d 243, 246-47 n.1 (1989)).

Category 1 comprises "'partner's contributions' to the Marital Partnership Property that, assuming all valid and relevant considerations are equal, are repaid to the contributing spouse" while the net market values of Category 5, "assuming all valid and relevant considerations are equal, are awarded one-half to each spouse." Helbush v. Helbush, 108 Hawai'i 508, 513-14, 122 P.3d 288, 293-94 (App. 2005) (citation omitted). The party claiming a return of Category 1 property has the burden of proving that he or she is entitled to it. See Gussin v. Gussin, 9 Haw. App. 279, 283, 836 P.2d 498, 501 (1991) ("All DOCOEPOT NMVs are Category 5 NMVs except to the extent that they are proven to be Category 1, 2, 3, or 4 NMVs."); see also Booth v. Booth, 90 Hawai'i 413, 416, 978 P.2d 851, 854 (1999) (citing In re Marriage of Tyrrell, 477 N.E.2d 523, 524 (Ill. App. Ct. 1985) ("Where a party does not offer evidence of an asset's value, the party cannot complain as to the disposition of that asset by the court.")).

Here the decree ordered Husband and Wife to split evenly the difference between the fair market value of the house on the date of marriage and appraised fair market value of the house given at trial, provided that if the house were sold or foreclosed upon the outstanding mortgage should be paid first and then any remaining equity divided evenly between Husband and Wife. The decree's provisions regarding the distributions from any future sale or foreclosure, in effect, treat the property as Category 5 property, as the net proceeds of the voluntary or forced sale of the property will be divided equally by the parties. However, as the family court also awarded Husband

$220,000 as his Category 1 property, paragraphs 7(e) and 7(e)(1) of the January 22, 2009 Decree appear to be in irreconcilable conflict.

To the extent Husband challenges the treatment of loans by Wife's mother, now deceased, to satisfy mortgage payments, Husband failed to show how the family court abused its discretion. Because these payments helped to maintain the mortgage that is Husband's liability, it was not inequitable to order Husband to repay Wife's mother's estate.

(4) Husband claims the family court erred by awarding Wife $66,587.90 in attorney's fees, because this award duplicated an earlier award of $4,404.40 to Wife for attorney's fees. We disagree. The attorney's fee awards covered work done by two different attorneys in preparation for different trials and for the completion of several post-trial motions. The fee awards are clearly not duplicative. The family court did not abuse its discretion in awarding the fees to Wife.

(5) Husband argues that the family court erred in "allowing [Wife] to move [Daughter] to the Big Island." In response to Wife's April 1, 2009 Motion for Post-Decree Relief, the family court told Wife that "she does not require the Court's permission to relocate." Additionally, the family court found "that there has been no material change in circumstances" given that Wife stipulated that she will maintain terms of the decree and pay the costs of transporting Daughter to and from the Big Island. Given that this court accepts the findings of the trial court when they hinge on the credibility of witnesses, Inoue, 118 Hawai'i at 101, 185 P.3d at 849, this court will not disturb the finding that there is no material change in Daughter's situation. The family court did not abuse its discretion in granting Wife's motion and denying Husband's contrary motion for custody of Daughter.

(6) Husband argues that the family court's failure to make the findings of fact and conclusions of law required by Rule 52 of the Hawai'i Family Court Rules (HFCR) constitutes

5

reversible error, but he cites no authority for this position. HFCR Rule 52(a) requires that "upon notice of appeal filed with the court, the court shall enter its findings of fact and conclusions of law where none have been entered, unless the written decision of the court contains findings of fact and conclusions of law." See also State v. Gonsales, 91 Hawaiʻi 446, 449, 984 P.2d 1272, 1275 (App. 1999) (per curiam) ("[U]pon the filing of an appeal, the family court is mandated, where HFCR Rule 52(a) is applicable, to enter written findings and conclusions, unless they were previously set forth in a written decision or decision and order.") (emphasis added). Given the family court made written findings previously, its failure to enter additional findings until January 13, 2010, after Husband filed his Opening Brief, neither violated HFCR Rule 52(a) nor prejudiced Husband. This is not a reversible error.

Based on the foregoing, the case is remanded to the family court for the purpose of clarifying paragraphs 7(e) and 7(e)(1) of the January 22, 2009 Decree. In all other respects, the April 16, 2009 order of the Family Court of the First Circuit, denying Husband's motion for new trial, reconsideration, or relief from the January 22, 2009 divorce decree is affirmed.

DATED: Honolulu, Hawaiʻi, February 28, 2011.

On the briefs:

R. Steven Geshell,
for Defendant-Appellant.

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge